TAPHORN ET AL., D. B. A. LITTLE MISSES SWEET SHOP, APPELLEES, *v.* CITY OF CINCINNATI, APPELLANT.

(No. 7805—Decided December 14, 1953.)

Mr. *Anthony P. Conlon,* for appellees.

Mr. *Henry M. Bruestle,* city solicitor, Mr. *J. B. Grause, Jr.,* and Mr. *Edgar W. Holtz,* for appellant.

HILDEBRANT, J. The city water main under the sidewalk in front of plaintiffs' place of business, known as "Little Misses Sweet Shop," at No. 2113½ Beechmont Avenue, burst, flooding the basement and damaging equipment incident to their candy and ice cream business and other contents thereof. A judgment for plaintiffs entered on a jury verdict is the subject of this appeal on questions of law.

The principal error assigned is the failure of the court to grant defendant's motions for judgment seasonably made during the trial and for judgment *non obstante veredicto.*

It is alleged that the main had become worn, decayed, and eaten away, so as to become too fragile to withstand the pressure of the water therein, and that its condition was known, or in the exercise of reasonable care should have been known to defendant.

In operating its waterworks system, the city is engaged in a corporate or proprietary function, is charged with the duty of exercising ordinary care and is liable for negligence in the operation of such system.

The break occurred in a 12-foot section of the main

shown to be a part of a 1,500-foot installation made in the year 1911. The city had no record of inspections ever being made of this installation.

The burden of proof rests upon plaintiffs.

The bursted section of main was not in evidence and there is no proof in the record as to its actual condition. The record does show that approximately five and one-half feet of the particular 12-foot length was removed and replaced by joining new main to the remainder of the original 12-foot length installation. There is no technical or expert testimony in the record as to the life of a cast iron water main, such as was installed here. Counsel argue a duty to inspect, but no standard or method in modern use by the ordinarily prudent city in the operation of a waterworks system is in evidence to guide the court or jury. Former floodings of the basement were in no way traceable to the city water main.

We, therefore, conclude that plaintiffs have failed to meet those fundamental requirements of proof discussed in *White Oak Coal Co.* v. *Rivoux, Admr.,* 88 Ohio St., 18, 102 N. E., 302, 46 L. R. A. (N. S.), 1091, Ann. Cas. 1914C, 1082; and *Sobolovitz* v. *Lubric Oil Co.,* 107 Ohio St., 204, 140 N. E., 634, and numerous subsequent decisions.

It was, therefore, error to overrule defendant's motion for judgment *non obstante veredicto.*

The judgment is reversed, with instructions to enter final judgment for the defendant.

*Judgment reversed.*

Matthews, P. J., Ross and Hildebrant, JJ., concur.